Mr. Chief Justice Johnson, delivered the opinion of the court. The 3d and 4th sections of the act, under which the petitioner claims, provide, “That on the first Monday of May, 1849, and every two years thereafter, the qualified voters of each county shall elect five commissioners, who shall constitute a board of internal improvement for the county; said election to be held at the places, in the manner and on the notice now prescribed by law for general elections,” and “ That when any vacancy shall occur in the office of commissioner by death, resignation or otherwise, it shall be the duty of the presiding judge of the county court to korder an election to fill such vacancy, giving at least twenty days notice of the time and place of holding the same by putting up at least one advertisement in each township.” It is admitted by the petitioner that the election under which be claims did not take place on the firstMonday of May, 1849, as required by the statute, but that it was held under an order of the county court on the 2d Monday of November of that year. The question is whether the election, under which the petitioner claims, was authorized under the circumstances of the case : or, in other words, whether an election could, be legally held under the 4th section to fill vacancies, before the offices created by the act had been previously filed. We consider it perfectly clear that the vacancies contemplated necessarily presupposed that the offices had been once filled, and that the provision for filling those vacancies was solely designed to embrace the unexpired portion of the term that might remain after the happening of such vacancy. This doctrine is fully borne out and recognized by the superior court of Judicature of the State of New Hampshire, in the case of Johnston vs. Wilson et al. The statute of that State provided “ That if any town or place shall neglect or refuse to choose a collector or collectors, or shall refuse to fill up a vacancy in case the office be vacated, &c., in every such case the selectmen of such town or place shall and may make such choice or fill up such vacancy,” &o. The selectmen of the’ town of Hillsborough, claiming to act under the authority of that statute, proceeded to appoint a successor to Johnston, without ever having called a town meeting, so as to give the citizens an opportunity of filling the vacancy. Upon that state of case, the court remarked, that “It is admitted that the plaintiff was duly appointed collector for the town of Hillsborough for the year A.D. 1817. He expressly signified his acceptance of the appointment, and consequently, unless he afterwards resigned the trust, there is no evidence of a vacancy in any other way, which either the selectmen or the town council could legally fill by a new appointment. We say “resigned,” though it makes no difference in the argument or the case, whether the subsequent conduct of Johnston, after his express acceptance, be called a non-acceptance of the office (because he had not been sworn into it) or a resignation of the office. For if it amounted to either, there would then exist a vacancy.” In that case, although the party originally elected did not qualify by taking the oath of office, yet he expressly accepted it, and by such acceptance the court held the office to be filled. We are clear that, inasmuch as the offices created by the act had never'been filled, no vacancies existed, and consequen tly-the election held under the order of the county court was unauthorized. The application is therefore denied.